Submitted December 5, 2008, reversed and remanded April 8, 2009

## STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

## LARRY CLAUDE DEAN,
*Defendant-Appellant.*

Clatsop County Circuit Court
051074; A134621

206 P3d 206

Peter Gartlan, Chief Defender, and Irene B. Taylor, Deputy Public Defender, Legal Services Division, Office of Public Defense Services, filed the brief for appellant.

Hardy Myers, Attorney General, Mary H. Williams, Solicitor General, and Leigh A. Salmon, Assistant Attorney General, filed the brief for respondent.

Before Landau, Presiding Judge, and Schuman, Judge, and Ortega, Judge.

LANDAU, P. J.

**LANDAU, P. J.**

Defendant was convicted of one count of delivery of a controlled substance within 1,000 feet of a school. *Former* ORS 475.999(1) (2003), *renumbered as* ORS 475.904 (2005). On appeal, he assigns error to the denial of a motion to suppress evidence. The state concedes that the trial court erred in denying the motion. For the reasons that follow, we agree that the trial court erred and therefore reverse and remand.

The relevant facts are not in dispute. Officer McNeary stopped defendant for a traffic violation. The lawfulness of the stop itself is not at issue. During the stop, McNeary learned that defendant had provided false information about whether he had automobile insurance coverage. McNeary cited defendant for providing false information to a police officer and for driving without insurance. McNeary then informed defendant that he would impound the vehicle.

McNeary asked for consent to search the vehicle, but defendant refused. After McNeary told him that he was free to leave, defendant walked away. McNeary then conducted an inventory of the contents of the vehicle. McNeary found, among other things, a folding digital scale, which he knew to be commonly used for weighing controlled substances, and a closed metal tin. McNeary opened the scale and found a residue that he recognized as methamphetamine. He called to defendant to return to the vehicle and explain what McNeary had observed. Defendant responded that the substance on the scale would test positive for methamphetamine. McNeary asked for permission to open the metal tin, and defendant agreed. McNeary found inside a needle and more methamphetamine residue. He then asked for permission to search the trunk, and defendant agreed to that, as well. McNeary found inside the trunk additional incriminating evidence.

Defendant moved to suppress the evidence of the residue on the scale and all other evidence that flowed from its discovery. The trial court denied the motion. On appeal, defendant argues that the trial court erred because the officer had no lawful justification for opening the scale, and the evidence found on the scale was the basis for defendant's subsequent consents to search and the discovery of additional

incriminating evidence. The state agrees that, although McNeary lawfully seized the scale pursuant to the terms of the applicable inventory policy, he did not have authority to open the scale.

In *State v. Dickerson*, 135 Or App 192, 195-96, 898 P2d 193 (1995), this court held that a folding pocketknife is, in essence, a closed container, which, under Article I, section 9, of the Oregon Constitution, police may not open during a traffic stop without a warrant or circumstances that trigger an exception to the warrant requirement. If a pocketknife is a "container" for the purposes of Article I, section 9, then the folding scale at issue in this case must be as well. Given that the inventory policy that applies in this case did not authorize McNeary to open the scale, and, given that no other exception to the warrant requirement applies under the facts of this case, we agree that McNeary lacked authority to open the scale.

Under *State v. Hall*, 339 Or 7, 115 P3d 908 (2005), if a defendant establishes that, but for unlawful police conduct, evidence of a crime would not have been discovered, then the evidence must be suppressed unless the state establishes either

> "(1) that the evidence would have been discovered 'independent[ly]' of that illegality (*i.e.*, it inevitably would have been discovered through the exercise of lawful procedures, or it was obtained not only as a result of the illegality, but also as the result of a chain of events that did not include any illegality) or (2) that the connection between the unlawful stop and the discovery of evidence is so tenuous that the unlawful police conduct cannot be viewed properly as the source of that evidence."

*State v. Astorga*, 225 Or App 42, 48-49, 200 P3d 170 (2008) (citing *State v. Tyler*, 218 Or App 105, 110, 178 P3d 282 (2008)). In this case, the state concedes that defendant has established the requisite but-for causation and further concedes that the unlawful police conduct was the source of the evidence. We agree with, and accept, the state's concessions.

Reversed and remanded.